1
2
3
4
5
6
7

8                    **UNITED STATES DISTRICT COURT**

9              **CENTRAL DISTRICT OF CALIFORNIA-WESTERN DIVISION**

10

11  TYMR IBN ABDULLAH,           )   Case No. CV 16-00461-SJO (AS)
                                 )
12              Petitioner,      )   **ORDER OF DISMISSAL**
                                 )
13                               )   **WITHOUT PREJUDICE**
            v.                   )
14                               )
    SUPERIOR COURT RANCHO        )
15  CUCAMONGA DISTRICT (RANCHO   )
    CUCAMONGA), WEST VALLEY      )
16  DETENTION CENTER,            )
                                 )
17              Respondents.     )
                                 )
18  _____ )

19                              **INTRODUCTION**
20

21      On March 14, 2016, Petitioner filed a "Federal Petition for
22  Writ of Habeas Corpus ("Petition"), with an attached "Motion in
23  Arrest of Judgment" and a "Motion to Set Aside Information."
24  (Docket Entry No. 1).
25

26      In a Minute Order issued on March 18, 2016, the Court
27
28                                  1

determined that the Petition was deficient in the following respects: (1) It was not clear whether Petitioner was attempting to file a Petition for Writ of Habeas Corpus by a Person in Federal Custody (pursuant to 28 U.S.C. § 2241), a Petition for Writ of Habeas Corpus by a Person in State Custody (pursuant to 28 U.S.C. § 2254), or some other pleading (i.e., a civil rights action pursuant to 42 U.S.C. § 1983); (2) Petitioner had failed to name the proper Respondent (the name of the officer having custody over him); (3) Petitioner had failed to plainly state "[t]he statutory or other basis for the exercise of jurisdiction by this Court," in violation of Central District Local Rule 8-1 and Fed.R.Civ.P. Rule 8(a); (4) Assuming the pleading was a Petition for Writ of Habeas Corpus by a Person in State Custody, Petitioner had failed to specify any understandable ground for relief and did not include any supporting facts, in violation of Rule 2(c), Rules Governing Section 2254 Cases in the United States District Courts; and (5) Petitioner had alleged vague and conclusory "claims," in violation of Fed.R.Civ.P. Rule 8(a) and 8(d).  The Court ordered Petitioner to file a First Amended Petition for Writ of Habeas Corpus by a Person in State Custody, pursuant to 28 U.S.C. § 2254, **or** a Petition for Writ of Habeas Corpus by a Person in Federal Custody, pursuant to 28 U.S.C. § 2241 on the proper Central District Form. (Docket Entry No. 3).

On April 7, 2016, Petitioner, a pre-trial detainee at the West Valley Detention Center in Rancho Cucamonga, California, filed a

First Amended Petition by a Person in State Custody, pursuant to 28 U.S.C. § 2254. (Docket Entry No. 4).

The First Amended Petition appears to allege the following grounds for federal habeas relief: (1) Petitioner was not advised of his rights during the preliminary hearing, leading him to be subject to the ineffective assistance of counsel; (2) The Deputy District Attorney appears to have a conflict of interest; (3) Petitioner received ineffective assistance of counsel based on inadequate investigation; (4) The state court judge refused to allow Petitioner to file a habeas corpus petition in Superior Court, stating that the Court of Appeal was the sole "locus" for the habeas petition; and (5) The evidence in Petitioner's case is incompetent. (See First Amended Petition at 5-6).[1]

**DISCUSSION**

**A. Dismissal is Warranted Based on Abstention**

"Younger abstention is a jurisprudential doctrine rooted in overlapping principles of equity, comity and federalism." San

---

[1] Although the First Amended Petition still suffers from some of the deficiencies set forth in the Court's March 18, 2016 Minute Order, the Court's determination that the First Amended Petition should be dismissed based on the doctrine of abstention and on Petitioner's failure to exhaust available state judicial remedies renders it unnecessary to address those deficiencies.

Jose Silicon Valley Chamber of Commerce Political Action Comm. v. City of San Jose, 546 F.3d 1087, 1091 (9th Cir. 2008); see also Middlesex County Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 431 (1982) ("*Younger v. Harris* . . . and its progeny espouse a strong federal policy against federal-court interference with pending state judicial proceedings absent extraordinary circumstances."). Absent limited exceptions, abstention under Younger v. Harris, 401 U.S. 37 (1971) is appropriate if four criteria are met: (1) a state proceeding is ongoing; (2) the proceeding implicates important state interests; (3) the federal plaintiff is not barred from litigating federal constitutional issues in the state proceeding; and (4) "the federal court action would enjoin the proceeding or have the practical effect of doing so, i.e., would interfere with the state proceeding in a way that Younger disapproves." San Jose Silicon Valley Chamber of Commerce Political Action Comm., supra, 546 F.3d at 1092; see also AmerisourceBergen Corp. v. Roden, 495 F.3d 1143, 1148-49 (9th Cir. 2007); Gilberson v. Albright, 381 F.3d 965, 973 (9th Cir. 2004).

Here, abstention is required because all of Younger's requisites are satisfied. First, Petitioner concedes that he is still awaiting trial in case number FWV1600156. (See Petition at 2). Second, the criminal prosecution against Petitioner implicates the State's important interest in protecting the integrity of its criminal proceedings. See Younger, supra, 401 U.S. at 43-49. Third, Petitioner still has an opportunity to raise federal constitutional claims in the state court criminal

proceedings that are currently pending. Fourth, allowing this action to proceed would unnecessarily interfere with the state criminal proceedings.

Younger abstention applies to the claims in the Petition unless Petitioner can demonstrate that "extraordinary circumstances" warrant federal intervention. Younger, supra, 401 U.S. at 53. "Only in cases of proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction and perhaps in other extraordinary circumstances where irreparable injury can be shown is federal injunctive relief against pending state prosecutions appropriate." Perez v. Ledesma, 401 U.S. 82, 85 (1971); see also Carden v. Montana, 626 F.3d 82, 83-84 (9th Cir. 1980). Petitioner has not alleged that such circumstances exist. Thus, the Court shall abstain from interfering with the state criminal proceedings.

**B. Alternatively, Dismissal is Warranted Based on the Failure to Exhaust**

As a matter of comity, a federal court will not entertain a habeas corpus petition unless the petitioner has exhausted the available state judicial remedies on every ground presented in the petition. 28 U.S.C. § 2254(b) - (c); Baldwin v. Reese, 541 U.S. 27, 29 (2004); Rose v. Lundy, 455 U.S. 509, 518-22 (1982). The habeas statute explicitly provides that a habeas petition brought by a person in state custody "shall not be granted unless it appears that -- (A) the applicant has exhausted the remedies available in the courts of the State; or (B)(i) there is an absence of available State corrective process; or (ii)

circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1). Moreover, if the exhaustion requirement is to be waived, it must be waived expressly by the State, through counsel. 28 U.S.C. § 2254(b)(3).

Exhaustion requires that the prisoner's contentions be fairly presented to the state courts, and be disposed of on the merits by the highest court of the state. See James v. Borg, 24 F.3d 20, 24 (9th Cir. 1994); Carothers v. Rhay, 594 F.2d 225, 228 (9th Cir. 1979). A claim has not been fairly presented unless the prisoner has described in the state court proceedings both the operative facts and the federal legal theory on which his claim is based. Duncan v. Henry, 513 U.S. 364, 365-66 (1995); Picard v. Connor, 404 U.S. 270, 275-78 (1971); Johnson v. Zenon, 88 F.3d 828, 830 (9th Cir. 1996).

Here, Petitioner concedes that he has failed to present each and every Ground alleged in the First Amended Petition to the California Supreme Court. (See First Amended Petition at 2-3, 5-6), The First Amended Petition is therefore unexhausted and subject to dismissal on its face.[2]

---

[2] In certain circumstances, the Court has authority to stay a "mixed" petition containing both exhausted and unexhausted claims. See Rhines v. Weber, 544 U.S. 269 (2005); King v. Ryan, 564 F.3d 1133, 1143 (9th Cir. 2009)(stay procedure authorized by Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003), overruled on other grounds, Robbins v. Carey, 481 F.3d 1143 (9th Cir. 2007) ("Kelly" remains available after Rhines). However, the present Petition is not mixed; it is completely unexhausted. The Court cannot stay a completely unexhausted petition. See Rasberry v. Garcia, 448 F.3d

Petitioner has failed to state an exhausted constitutional claim for relief and therefore, the First Amended Petition fails to state a claim upon which relief may be granted. If it "appears from the application that the applicant or person detained is not entitled" to habeas relief, a court may dismiss the action without ordering service on the requested party. 28 U.S.C. § 2243; see also Rule 4, Rules Governing Section 2254 cases in the United States District Courts (petition may be summarily dismissed if petitioner plainly not entitled to relief); Local Civil Rule 72-3.2 (magistrate judge may submit proposed order for summary dismissal to district judge "if it plainly appears from the face of the petition []that the petitioner is not entitled to relief").

Petitioner may be able to present his claims to the California Supreme Court. See In re Harris, 5 Cal.4th 813, 825 (1993) ("[H]abeas Corpus has become a proper remedy in this state to collaterally attack a judgment of conviction which has been obtained in violation of fundamental constitutional rights.") (citations and quotations omitted).[3]

---

1150, 1154 (9th Cir. 2006).

[3] The Court expresses no opinion concerning whether consideration of a state habeas petition might be foreclosed by state procedural law. The California Supreme Court should evaluate this matter in the first instance. Moreover, even if there exists an applicable state procedural bar, the California Supreme Court nevertheless might choose to reach the merits of Petitioner's claims. See e.g., Park v. California, 202 F.3d 1146 (9th Cir. 2000).

**ORDER**

For the foregoing reasons, the First Amended Petition is dismissed without prejudice.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: April 9, 2016.

*S. James Otero*

S. JAMES OTERO
UNITED STATES DISTRICT JUDGE